| | |
|---|---|
| **District Court, Arapahoe County**<br>7325 S Potomac St.<br>Centennial, CO 80112 | |
| Plaintiff:     **MIKE T. VAUGHN**<br><br>v<br><br>Defendants:   **WEBER & OLCESE, P.C.,** | ▲ **COURT USE ONLY** ▲ |
| *Attorney for Plaintiff:*<br>James C. Underhill, Jr., #15836<br>7225 E, Hampden Avenue<br>Denver, CO 80224<br>Phone Number:   303.302.1000<br>FAX Number:     303.302.1001<br>jim@NeighborhoodLawOffice.com | Case Number:<br><br>Division<br><br>Courtroom |
| **COMPLAINT** ||

COMES NOW Plaintiff, Mike T. Vaughn, by and through its undersigned attorneys, Neighborhood Law Office, P.C., and for its complaint against Defendants, states as follows:

### PARTIES, VENUE AND JURISDICTION

1. Mike T. Vaughn is an individual residing at 11747 E. Atlantic Pl., Aurora, CO 80014.

2. Weber and Olcese, P.L.C., is a private professional law corporation, with offices at 3250 W Big Beaver Rd, Suite 124, Troy, MI 48084. Weber and Olcese, P.L.C., is not authorized or licensed to practice law in the State of Colorado, nor are its shareholder attorneys.

3. Venue exists in this court as the Plaintiff is a resident of the County of Arapahoe, Colorado, and the actions complained of herein were committed and occurred within the State of Colorado.

### GENERAL ALLEGATIONS

4. Defendant initiated collection of an alleged debt owing to Credit Acceptance Corporation against a person identified as a Mr. Mike Vaughn. The address used in the collection activities for Mr. Mike Vaughn was 889 F J McCree Drive, Flint, Michigan, 48503.

5. There is no such address in Flint, Michigan.

6. Defendant obtained two or more "Request and Writ for Garnishment (Periodic)" documents by application to and approval of the State of Michigan District Court.

7. The writs stated that the judgment underlying the application for and writ of garnishment was entered in Michigan on January 8, 2006.

8. The writs issued were not effective on their face at the time that Defendant sought to collect funds by garnishing the wages of Defendant as the date of the garnishment of wages was not covered by the dates of the writs.

9. The writs issued were not effective on their face at the time that Defendant sought to collect funds by garnishing the wages of Defendant as no court in either Florida or Colorado had approved or reissued the writs.

10. The writs issued were not effective on their face at the time that Defendant sought to collect funds by garnishing the wages of Defendant as the address listed on the writs for the purported judgment debtor was a false and fictitious address.

11. No judgment against Mr. Mike Vaughn of Flint, Michigan was ever domesticated in Colorado.

12. Neither writ was ever domesticated in Colorado.

13. Defendant caused the writs to be mailed to Plaintiff's employer, the Siemens Corporation at an address in Orlando, Florida.

14. Plaintiff has never lived in Florida.

15. No judgment against Mr. Mike Vaughn of Flint, Michigan was ever domesticated in Florida.

16. Neither writ was ever domesticated in Florida.

17. Based upon the false, misleading and erroneous representations of Defendant that the writs were effective and valid for the seizure of wages from Plaintiff, Plaintiff's employer began to withdraw funds from Plaintiff's pay.

18. Plaintiff works for Siemens Corporation, but is based out of its Denver, Colorado offices located at 15656 E. Grand Avenue, Aurora, Colorado. Plaintiff's place of work is at various medical facilities in Colorado and the immediately adjacent states of New Mexico, Wyoming and Utah.

19. Plaintiff has never been employed by Siemens Corporation for work in Michigan or Florida, and has never performed services for Siemens Corporation in either Michigan or Florida.

20. Plaintiff's payroll is handled in the Denver office of Siemens Corporation and his payment is issued to him by electronic check, direct deposit in Denver, Colorado.

21. Plaintiff's pay is subject to withholding taxes which are withheld according to Colorado law, and the withheld taxes are paid over to the various state agencies in Colorado responsible for collecting employment and workman's compensation taxes in the State of Colorado.

22. Plaintiff pays no taxes in or to the States of Michigan or Florida.

23. As a result of Defendant's actions, Plaintiffs pay delivered to him in Denver, Colorado was reduced by the amount of the misleading, false, illegal and erroneous garnishment mailed by Defendant from Michigan to Orlando, Florida.

24. Demand was made upon Defendant to cease the misleading, false, illegal and erroneous garnishment of Plaintiff's wages.

25. In spite of the demands made upon Defendant to cease the misleading, false, illegal and erroneous garnishment of Plaintiff's wages, Defendant failed and refused to cease its actions.

26. Plaintiff has lived continuously in the State of Colorado for more than 20 years, and never lived at the address listed in the Writ of Garnishment.

27. In spite of written request, Defendant has failed and refused to provide evidence of the debt, the judgment, or the identity of the purported judgment debtor.

28. Defendant has not provided evidence that the judgment debtor named on the writs is in fact the Plaintiff.

29. Plaintiff was never served with a summons, complaint or other notice of a lawsuit in Michigan District Court case number GCE96-124 at any time, in any place.

30. Plaintiff was never served with a copy of the writs, notice of his right to object to the writs and/or the garnishment of his wages or of the right to a hearing on any garnishment before a writ could become effective.

31. The States of Michigan, Florida and Colorado all require that any person subjected to a writ of garnishment be served with a copy of the writs, notice of his right to object to the writs and/or the garnishment of his wages or of the right to a hearing on any garnishment before a writ could become effective.

32. As the state in which Plaintiff is actually employed, paid and taxed on his wages, the State of Colorado is the state in which any wage garnishment for a Colorado resident must be obtained and served.

33. As the state in which Plaintiff is actually employed, paid and taxed on his wages, the State of Colorado is the state in which any judgment obtained in a foreign jurisdiction must be domesticated before it may be enforced against the Plaintiff.

34. Defendant's act of garnishing wages of the Plaintiff in the State of Colorado without first domesticating the foreign judgment in Colorado or obtaining process for such garnishment from

the Colorado State Courts was improper, illegal, and resulted in the fraudulent and illegal conversion of Plaintiff's wages.

35. Even pursuant to a valid wage garnishment in Colorado, the employer must first wait for the expiration of the 14 day waiting period after service of the garnishment upon the employer has expired without a notice of objection by the debtor. Thereafter, the employer must send any withheld funds to the clerk of the Colorado District Court. The employer may NOT send money directly to the judgment creditor. An employer can only send funds to the judgment creditor if the creditor licensed as a collection agency *in* Colorado pursuant to C.R.S. § 12-14-101, *et seq.* seq. Defendant is not a licensed collection agency in Colorado.

36. Defendant's illegal and improper actions deprived Plaintiff of his right to contest not only the claimed judgment, but also to contest the identity of the judgment debtor prior to having a portion of his wages taken from him. U.S. Constitution, Article IV, section 1; Colorado Constitution, Article II, Section 25; C.R.S. § 13-53-101, *et seq.*

37. Defendant's illegal and improper actions deprived Plaintiff of his right to notice of the writs of garnishment, notice of his right to oppose the writs of garnishment, and the opportunity for a hearing before a court of this state to the effectiveness, legality and enforceability of the writs, prior to having a portion of his wages taken from him. C.R.S. § 13-54.5-101, *et seq*.

38. Defendant's illegal and improper actions included the receipt of garnished funds directly, either directly, or by payment to the purported judgment creditor. No employer can pay garnished funds to a judgment creditor unless the creditor is licensed in Colorado as a collection agency pursuant to C.R.S. § 12-14-101, *et seq.* seq.

### FIRST CLAIM FOR RELIEF
(Civil theft)

39. The forgoing allegations of this Complaint are incorporated here as if fully set forth.

40. Defendant with knowledge and intent obtained and/or exercised control over the wages of Plaintiff without authorization, or by threat or deception.

41. Defendant intended to permanently deprive Plaintiff of the use or benefit of his wages.

42. Defendant did take, obtain and deprive Plaintiff of his wages.

43. Plaintiff was damaged as a result of such theft.

44. WHEREFORE Plaintiff prays that judgment enter against Defendant and in favor of Plaintiff in an amount to be determined at trial, together with three times the amount of the actual damages together with attorney's fees as provided by C.R.S. § 18-4-405, and for such other relief as is appropriate.

4

## SECOND CLAIM FOR RELIEF
(Conversion, Wrongful Taking)

45. The forgoing allegations of this Complaint are incorporated here as if fully set forth.

46. Defendants negligently, intentionally, and with wanton and willful conduct have converted the wages of the Plaintiff to their own use and enjoyment.

47. Defendants negligently, intentionally, and with wanton and willful conduct have converted the wages of the Plaintiff to the use and enjoyment of another.

48. Defendants had no right, title or interest in such wages.

49. As a result of Defendants' conduct, Plaintiff has been injured.

WHEREFORE Plaintiff prays that judgment enter against Defendant and in favor of Plaintiff in an amount to be determined at trial, together with such punitive awards as may be adjudged, together with attorney's fees and costs, and for such other relief as is appropriate.

## THIRD CLAIM FOR RELIEF
(Money Paid by Mistake)

50. The forgoing allegations of this Complaint are incorporated here as if fully set forth.

51. Money was paid to Defendant or Defendant's control by mistake.

52. Plaintiff has been damaged by the mistake.

WHEREFORE Plaintiff prays that judgment enter against Defendant and in favor of Plaintiff in an amount to be determined at trial, together with such punitive awards as may be adjudged, together with attorney's fees and costs, and for such other relief as is appropriate.

**Notice of Intent to Seek Exemplary Damages Pursuant to C.R.S. § 13-21-102**

53. Plaintiff believes that the facts in this case warrant the imposition of exemplary damages. Therefore, Plaintiff intends to prosecute a claim for exemplary damages after the exchange of initial disclosures.

WHEREFORE Plaintiff prays that judgment enter against Defendant and in favor of Plaintiff in an amount to be determined at trial, trebled, together with attorney's fees and costs as provided by statute, and for such other relief as is appropriate.

DATED this 1st day of May 2014.

/s/ James C. Underhill, Jr.

Plaintiff's Address:
11747 E. Atlantic Place
Aurora, CO 80014

6